RECEIVED
U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

APR 1 0 2024

BY: DANIEL J. McCOY, CLERK

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIMINAL NO. 23-CR-00210-01 |
| VERSUS | * | DISTRICT JUDGE HICKS |
| JAVARREA POUNCY | * | MAGISTRATE JUDGE HORNSBY |

**FACTUAL BASIS FOR PLEA**

Comes now the United States of America, by and through the undersigned Assistant United States Attorney and Trial Attorney, and Javarrea Pouncy, by and through his undersigned counsel, who respectfully offer this "Factual Basis for Plea." This document is submitted so that the district court can determine that there is a factual basis for the plea, as required by Fed. R. Crim. P. 11(b)(3) and does not purport to set out every facet of the offense or every action taken by the Defendant in furtherance thereof. The parties agree that, if this case had proceeded to trial, the United States would have proven the following facts and many others beyond a reasonable doubt. The Defendant also agrees that these facts are true:

From 2015 through 2019, Javarrea Pouncy worked as a correctional officer at the DeSoto Parish Sheriff's Office ("DPSO") in Mansfield, Louisiana, in the Western District of Louisiana. As detailed below, while working at DPSO, Pouncy

and another correctional officer repeatedly punched an arrestee, J.B., without justification. Pouncy admits that his conduct violated 18 U.S.C. § 242.

On September 27, 2019, Sergeant Pouncy was working as a correctional officer at the DPSO jail. During the booking process for J.B., who had been arrested for non-violent offenses, Pouncy and another correctional officer, Deputy DeMarkes Grant, strip searched J.B. in the jail's laundry room. During the strip search, after J.B. had removed his clothing, the officers instructed the naked J.B. to squat. J.B. did so, but the squats did not fully comply with the officers' directions. As a result, both officers moved toward J.B. and they began repeatedly punching him. Throughout the encounter, Pouncy and Grant punched J.B. multiple times in the head and face. Pouncy also punched J.B. in the stomach. As a result of the assault by Pouncy and Grant, J.B. incurred bodily injury and was hospitalized.

During the assault by the Defendant and Grant, J.B. did not pose a threat to either officer. In addition, the officers had multiple opportunities to control J.B. and to end the use of force, but instead continued to punch J.B. Further, both officers punched J.B.'s head, which Pouncy understood to be lethal force. While Pouncy knew at the time that lethal force was only allowed to be used when he feared for his own life or someone else's, Pouncy was never afraid for anyone's life during the assault. Neither officer used the handcuffs or radio that were available to them in the laundry room to assist in ending the use of force. And neither officer acted to stop the other officer's use of force.

Pouncy recognized in the moment that his use of force was unjustified. In addition, Pouncy recognized in the moment that his own use of force violated his training because it was more force than was reasonably necessary to control the situation.

Wherefore, the parties signing below agree and stipulate that the preceding paragraphs adequately describe Pouncy's role in the offense of Deprivation of Rights Under Color of Law, establishing his guilt beyond a reasonable doubt to Count 1 of the Indictment in this case.

Signed this 2nd day of April, 2024.

BRANDON B. BROWN
United States Attorney

By: _____
SETH D. REEG, La. Bar No. 34148

_____
JAVARREA POUNCY
Defendant

_____
CAROLINE GREEN
Attorney for the Defendant

KRISTEN CLARKE
United States Assistant Attorney General

By: _____
ERIN MONJU, N.Y. Bar No. 5160908
Trial Attorney